UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Jarrett R. Jenkins,
      Plaintiff,

  -against-

CAPITAL ONE, N.A., as successor in interest
to HSBC Finance Corporation and or HSBC Bank
Nevada, N.A.,

      Defendant,
-----------------------------------------------------------X

VERIFIED COMPLAINT

CV-14 5683

TRIAL BY JURY DEMANDED

FEUERSTEIN, J

TOMLINSON, M

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2014 ★
LONG ISLAND OFFICE

Comes now the Plaintiff Jarrett R. Jenkins respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff Jarrett R. Jenkins resides at 334 Locust Street, Apt-1, West Hempstead, NY 11552-3044.

2. Defendant Capital One, N.A. ("Capital One") is a nationally chartered bank with its principle place of business at 1680 Capital One Drive, Mclean, VA 22102-3407

3. Upon information and belief its registered agent is Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219-3532

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 USC §1331 and pursuant to The Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681 et. seq and The Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 USC §1692 et. seq.

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Upon information and belief Defendant is usually a banking institution that extends credit to consumers however in regards to this action the Defendant at all relevant times was engaged, by the use of the mail, telephone and the credit reporting system in the business of attempting to collect a

1

"debt" as defined by 15 U.S.C. § 1692a(5).

7. Capital One is a "debt Collector" as defined by 15 U.S.C. § 1692a(6) because upon information and belief they acquired the alleged debt when it was in default.

8. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

9. Equifax, Transunion and Experian are credit reporting agencies within the meaning of the FCRA 15 U.S.C. §1681a(f).

10. Consumer credit report is a consumer report within the meaning of FCRA 15 U.S.C. §1681a(d).

11. Defendant reports these debts to the national credit reporting agencies i.e. Experian, Equifax, and Transunion; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

12. On or about October 8, 2012 the Plaintiff pulled his credit report and found that from at least February 2000 the Defendant had entered into the Plaintiff's Equifax credit report claiming two alleged but **non existent debts** owed to them with partial account #s 544045500219 XXXX with a charged off amount of $2,077.00 and 431467250017 XXXX with a charged off amount of $2,498.00.

13. The Plaintiff disputed the accuracy and correctness of the CAPITAL ONE tradelines with Equifax via USPS certified mail on or about December 26, 2012.

14. On or about January 22, 2013 the Plaintiff received a copy of the results of the Equifax reinvestigations which indicated that both the tradelines were "verified". And so the tradelines continued to be reported in the Plaintiff's Equifax credit report until May 24, 2013. See *Exhibit-1*

15. On or about October 1, 2012 the Plaintiff pulled his credit report and found that from at least September 2000 the Defendant had entered into the Plaintiff's Transunion credit report claiming two alleged but **non existent debts** owed to them with partial account #s 544045500219**** with a high

balance of $2,805.00 and 431467250017 **** with a high balance of $3,282.00.

16. The Plaintiff disputed the accuracy and correctness of the CAPITAL ONE tradelines with Transunion via USPS certified mail on or about December 26, 2012.

17. On or about January 25, 2013 the Plaintiff received a copy of the results of the Transunion investigations which indicated that both tradelines were deleted. See *Exhibit-2*

18. On or about October 1, 2012 the Plaintiff pulled his credit report and found that from at least September 2000 the Defendant had entered into the Plaintiff's Experian credit report claiming two alleged but **non existent debts** owed to them with partial account #s 544045500219 .... with a high balance of $2,805.00 and 431467250017.... with a high balance of $3,282.00.

19. The Plaintiff disputed the accuracy and correctness of the PRA tradelines with Experian via USPS certified mail on or about December 26, 2012.

20. On or about February 8, 2013 the Plaintiff received a copy of the results of the Experian reinvestigations which indicated that the accounts were verified as belonging to me and "updated". And so the tradeline continued to be reported in the Plaintiff's Experian credit report until present day. See *Exhibit-3*

21. On or about January 2, 2013 the Plaintiff sent the Defendant a letter asking CAPITAL ONE to validate the alleged but **non existent debts**, which they received on January 7, 2013. See *Exhibit-4a*

22. On or about January 9, 2013 the Plaintiff sent the Defendant a second letter asking CAPITAL ONE to validate the alleged but **non existent debts**, which they received on or about January 13, 2013. See *Exhibit-4b*

23. On or about January 11, 2013 the Plaintiff sent the Defendant a third letter asking CAPITAL ONE to validate the alleged but **non existent debts**, which they received on or about January 14, 2013. See

*Exhibit-4c*

24. On or about January 14, 2013 the Plaintiff sent the Defendant a fourth letter asking CAPITAL ONE to validate the alleged but **non existent debts**, which they received on January 17, 2013. See *Exhibit-4d*

25. Dispite numerous requests from the Plaintiff not including the letters mentioned previously, to date the Defendant have failed to provide any general ledger accounting or proper validation of the alleged debts claimed to be owed by the Plaintiff.

26. Prior to and within 30 days of the first appearance of the CAPITAL ONE tradelines in February 2000 into the Plaintiff's Equifax, Experian and Tranunion credit reports the Plaintiff was unaware of any contact whether through the mail or by telephone made by the Defendant, if there was any.

27. The Plaintiff ponders; that if he never was in default to CAPITAL ONE and he never had any kind of relationship, business or otherwise with the Defendant or their predecessor(s), then how can any of the information being reported and communicated in his Equifax, Experian and Transunion credit reports be anything but false, derogatory and inaccurate. Furthermore by the reporting of such information into the Plaintiff's credit reports as a means to entice payment of alleged but **non existent debts**, that behavior can only be deceptive, unfair and unconscionable.

28. The Plaintiff denies ever having any contractual agreement for credit, loans, or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debts are not in question here as there is no proof of any alleged debts. But the fact as to how it was or was not validated and the wrongful actions of the Defendant in an attempt to collect on the alleged but **non existent debts**, continued collection activity by harassing, abusing, failing to provide adequate validation, using unfair, unconscionable and deceptive business practices upon the Plaintiff by inputting and reporting negative, false and inaccurate information into the Plaintiff's

4

Equifax, Experian and Transunion credit reports after the Plaintiff asked for validation of the alleged but **non existent debts** and disputed the tradeline with Equifax, Experian and Transunion, violated the civil rights of the Plaintiff.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

29. Paragraphs 1 through 28 re-alleged as though fully set forth herein.

30. From on or about January 2, 2013 the Defendant received more than four separate "requests for validation" from the Plaintiff asking them to properly validate the alleged but **non existent debts** under the FDCPA . See *Exhibits 4a-4d*. That demand was never complied with and so any continued action in regards to the collection of the alleged but **non existent debts** were blatant violations of various sections of the FDCPA as follows:

   a. Defendant violated §1692d(5) of the FDCPA by engaging in conduct of which the natural result was the abuse and harassment of the Plaintiff by inputting false, derogatory and inaccurate information in the Plaintiff's Experian credit report and updating and certifying said report from October 2013 to present day.  See *Exhibit-3*

   b. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character and amount of the alleged debts in the Plaintiff's Experian credit report from October 2013 to present day.

   c. Defendant violated §1692e(8) of the FDCPA by communicating to Experian credit information which they knew or should have known to be false from October 2013 to present day.  The Defendant knew or should have known the information they were communicating to Experian was false because the Plaintiff never had any kind of relationship, business or otherwise with the Defendant or their predecessor(s).

5

    d. Defendant violated §1692f(1) of the FDCPA by using the Plaintiff's Experian credit report as a means to collect on the alleged but **non existent debts**. That behavior was unfair and unconscionable because the collection of any amount is forbidden (including the interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debts or permitted by law. The Defendant to this day never produced those agreements or brought forth any legal or lawful obligation that was owed by the Plaintiff after the Plaintiff requested such proof. See *Exhibits 4a-4d*

    e. Defendant violated §1692g(b) of the FDCPA by not ceasing collection activity in the Plaintiff's Experian credit report from October 2013 to present day. Even after receiving the Plaintiff's multiple requests for validation from on or about January 2, 2013 to present. See *Exhibits 4a-4d*

31. As a direct and proximate result of one or more or all of the statutory violations above the Plaintiff has suffered actual damages in the forms of emotional distress (*see Exhibit 5*) and the denial of credit from Cash Call. See *Exhibit 6*

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the court enter an order against the Defendant, CAPITAL ONE that:

1. Declares that the Defendant's conduct violated the FDCPA;
2. Award statutory damages as listed under the FDCPA 813[15 USC§1692k] of $1,000.00,
3. Award actual damages as listed under the FDCPA 813[15 USC§1692k],
4. Award costs and attorneys fees as listed under the FDCPA 813[15 USC§1692k],
5. Other damages as allowed by the court.

## COUNT II
## FAIR CREDIT REPORTING ACT VIOLATIONS

32. Paragraphs 1 through 31 are re-alleged as though fully set forth herein.

33. From on or about December 26, 2012 the Plaintiff sent his "Notice of Dispute" to Equifax, disputing the accuracy and correctness of the PRA tradeline in his credit report. In turn, after receiving the "notice of dispute" from Equifax the Defendant had a duty and obligation under the FCRA, 15 U.S.C. §1681 s-2b to conduct proper and reasonable investigations as required by the statute. That demand was never complied with and so any continued reporting of the negative, false and inaccurate tradelines by the Defendant into the Plaintiff's Equifax credit report monthly became a separate violation of the statute. By the continued reporting of the false, negative and inaccurate information into the Plaintiff's Equifax, report on the alleged but **non existent debts** without conducting proper and reasonable investigations as required by 15 U.S.C. §1681 s-2b demonstrates a willful and knowing disregard for the law or in the alternative negligence of the law. This behavior and violations occurred from January 22, 2013 to May 24, 2013 (**5 months, 5 violations**) for each account.

34. From on or about December 26, 2012 the Plaintiff sent his "Notice of Dispute" to Experian, disputing the accuracy and correctness of the PRA tradeline in his credit report. In turn, after receiving the "notice of dispute" from Experian the Defendant had a duty and obligation under the FCRA, 15 U.S.C. §1681 s-2b to conduct proper and reasonable investigations as required by the statute. That demand was never complied with and so any continued reporting of the negative, false and inaccurate tradelines by the Defendant into the Plaintiff's Experian credit report monthly became a separate violation of the statute. By the continued reporting of the false, negative and inaccurate information into the Plaintiff's Experian, report on the alleged but **non existent debts** without conducting proper and reasonable investigations as required by 15 U.S.C. §1681 s-2b demonstrates a willful and knowing disregard for the law or in the alternative negligence of the law. This behavior and violations occurred from February 8, 2013 to present (**20 months, 20 violations**) for each account.

35. Defendant, CAPITAL ONE violated 15 U.S.C. §1681 s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information the Defendant had provided to Equifax and Experian.

36. Defendant, CAPITAL ONE violated 15 U.S.C. §1681 s-2(b)(1)(B) by failing to review all relevant information provided by Equifax and Experian pursuant to §1681i.

37. Defendant, CAPITAL ONE violated 15 U.S.C. §1681 s-2(b)(1)(c) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any to Equifax and Experian.

38. Defendant, CAPITAL ONE violated 15 U.S.C. §1681 s-2(b)(1)(D) by failing to notify Equifax and Experian that the reporting of the Defendants tradeline was inaccurate, incomplete, false and misleading.

39. As a direct and proximate result of one or more or all of the statutory violations above the Plaintiff has suffered actual damages in the forms of emotional distress (*see* Exhibit 5) and the denial of credit from Cash Call (*see* Exhibit 6).

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the court enter an order against the Defendant, CAPITAL ONE, N.A. that:

1. Declares that the Defendant's conduct violated the FCRA;
2. Award statutory damages as listed under the FCRA, 15 U.S.C. §1681n (a)(1)(A) of $1000 per violation, or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o
3. Award costs and attorneys fees as listed under the FCRA, 15 U.S.C. §1681n (a)(3) and or o,
4. Award punitive damages as the court may allow as listed under the FCRA, 15 U.S.C. §1681n (a)(2), or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o
5. Other damages as allowed by the court.

Respectfully Submitted,

September 29, 2014

                                                            _____
                                                            Jarrett R. Jenkins, Plaintiff
                                                            334 Locust Street, Apt 1
                                                            West Hempstead, NY 11552-3044
                                                            516-841-3132
                                                            jrobertjenkins@gmail.com