## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT R. JENKINS,<br><br>    Plaintiff,<br><br>    -v-<br><br>CAPITAL ONE, N.A., AS SUCCESSOR IN INTEREST TO HSBC FINANCE CORPORATION AND OR HSBC BANK NEVADA, N.A.,<br><br>    Defendant. | Civil Action No. 2:14-CV-05683-SJF-AKT<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CAPITAL ONE BANK (USA), N.A. TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant Capital One Bank (USA), N.A., incorrectly pled as "Capital One, N.A.," (hereinafter "Capital One") hereby submits its Answer and Affirmative Defenses to plaintiff Jarrett R. Jenkins' ("Plaintiff") Verified Amended Complaint:

### AS TO THE PARTIES

1. Capital One is without sufficient information or knowledge to respond to the allegations in this paragraph and they are therefore denied.

2. Admitted. By way of further response, Capital One states that Capital One, N.A. is an entity engaged in the business of retail banking and that Plaintiff's intended defendant is Capital One Bank (USA), N.A., which is engaged in the business of issuing credit cards.

3. Capital One admits that Corporation Service Company is its registered agent for service of process. Capital One denies sufficient information or knowledge to respond to the allegation concerning Corporation Service Company's address.

## AS TO JURISDICTION AND VENUE

4. The allegations in this paragraph constitute conclusions of law to which no response is required. By way of further response, Capital One admits that the Court has jurisdiction over this action.

5. Admitted.

6. Capital One admits that it extends credit to consumers. Capital One expressly denies that it is a "debt collector" as that term is defined within 15 U.S.C. § 1692a(6). Further, Capital One denies the use of any processes to collect a debt from Plaintiff.

7. Denied.

8. The allegations in this paragraph constitute a conclusion of law to which no response is required.

9. The allegations in this paragraph constitute a conclusion of law to which no response is required.

10. The allegations in this paragraph constitute a conclusion of law to which no response is required.

11. Capital One denies that it ever reported any of Plaintiff's debts to the credit reporting agencies.

## AS TO THE GENERAL ALLEGATIONS

12. Denied.

13. Capital One is without sufficient information or knowledge to respond to the allegations in this paragraph and they are therefore denied.

14. The allegations in this paragraph reference documents that speak for themselves.

15. Denied.

16. Capital One is without sufficient information or knowledge to respond to the allegations in this paragraph and they are therefore denied.

17. The allegations in this paragraph reference documents that speak for themselves.

18. Denied.

19. Capital One is without sufficient information or knowledge to respond to the allegations in this paragraph and they are therefore denied.

20. The allegations in this paragraph reference documents that speak for themselves.

21. The allegations in this paragraph reference documents that speak for themselves.

22. The allegations in this paragraph reference documents that speak for themselves.

23. The allegations in this paragraph reference documents that speak for themselves.

24. The allegations in this paragraph reference documents that speak for themselves.

25. Denied.

26. Capital One is without sufficient information or knowledge to respond to the allegations in this paragraph and they are therefore denied.

27. Capital One is without sufficient information or knowledge to respond to the allegations in this paragraph and they are therefore denied.

28. Capital One is without sufficient information or knowledge to respond to the allegations in this paragraph and they are therefore denied.

## AS TO COUNT I

29. Capital One repeats and realleges its foregoing responses as if set forth herein at length.

30. Denied.

31. Denied.

## AS TO COUNT II

32. Capital One repeats and realleges its foregoing responses as if set forth herein at length.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## RESERVATION OF RIGHTS

Capital One reserves the right to supplement and/or amend its responses to the Amended Complaint at the completion of factual discovery and/or move the Court to conform this Answer to the evidence. Capital One further reserves the right to assert other defenses when, and if, they become appropriate during this action. Insofar as any of the foregoing allegations in the Amended Complaint have not been expressly admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Capital One upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by estoppel, unclean hands and waiver.

{W0464490.1}

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Capital One are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Capital One did not breach any duty or obligation allegedly owed to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Capital One acted in good faith to conform with all rules, regulations and interpretations of law relevant to issues raised in Plaintiff's Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Capital One denies Plaintiff was damaged by Capital One and demands strict proof thereof.

### SEVENTH AFFIRMATIVE DEFENSE

No action of Capital One was the actual cause of injury to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

No action by Capital One was the proximate cause of any harm Plaintiff has allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE

Any damages Plaintiff may have incurred are the result of acts or omissions of individuals or entities over which Capital One did not retain, reserve or exercise control and for which Capital One is not legally responsible.

### TENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff, which Capital One denies, were due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of Capital One.

### ELEVENTH AFFIRMATIVE DEFENSE

Any damages Plaintiff may have experienced are the result of an intervening or superseding cause for which Capital One is not legally responsible.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because Capital One's conduct was not such that would justify or support punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees are without merit because Plaintiff is proceeding *pro se*.

### FOURTEENTH AFFIRMATIVE DEFENSE

Capital One acted in good faith at all times and without malice or intent to injure the Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Capital One did not make any false or misleading representations to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Capital One maintained and followed reasonable procedures to prevent any violation of the Fair Credit Reporting Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The facts and documents will show that Capital One implemented procedures designed to prevent errors of the type alleged, and that any violation of law was not intentional and resulted

from a bona fide error for which there can be no civil liability; hence, the Plaintiff has failed to state a cause of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Capital One followed all statutory and contractual requirements in connection with Plaintiff's account.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory and/or comparative negligence.

## TWENTIETH AFFIRMATIVE DEFENSE

As a result of this litigation, Capital One was required to retain the undersigned counsel, to whom it is obligated to pay a reasonable fee, for which Capital One is entitled to recovery pursuant to 15 U.S.C. §§ 1681n(c), 1681o(b).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Capital One reserves the right to supplement and/or amend the foregoing Affirmative Defenses in the course of discovery or at the completion thereof.

**PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN, P.C.**

Respectfully submitted,

/s/ *Daniel Ginzburg*
By: Michael F. Bevacqua, Jr.
Daniel Ginzburg
The Legal Center
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102-5497
(973) 623-1000 (tel)
(973) 623-9131 (fax)
*Attorneys for Defendant,*
*Capital One Bank (USA), N.A.*

{W0464490.1}

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT R. JENKINS,<br><br>  Plaintiff,<br><br>  -v-<br><br>CAPITAL ONE, N.A., AS SUCCESSOR IN INTEREST TO HSBC FINANCE CORPORATION AND OR HSBC BANK NEVADA, N.A.,<br><br>  Defendant. | Civil Action No. 2:14-CV-05683-SJF-AKT<br><br>**CERTIFICATE OF SERVICE** |

I hereby declare pursuant to 28 U.S.C. § 1746 that on December 8, 2014, I served a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on plaintiff Jarrett R. Jenkins by way of the Court's ECF system.  Mr. Jenkins has previously represented to the Court that he is receiving and has access to ECF notices.

I declare under penalty of perjury that the foregoing is true and correct.

December 8, 2014.

/s/ *Daniel Ginzburg*
DANIEL GINZBURG

{W0464490.1}